VICTOR STRASBURGER and J. L. McLAUGHLIN *vs.*
MARIA A. BARBER, by her next friend, WILLIAM
T. JONES.

*Measure of Damages in an action of Trespass de bonis asportatis—
Right of a Married woman under Art. 45, sec, 4, of the Code,
to sue by her next friend.*

Where goods belonging to a married woman in her individual right, being the
stock in trade of a retail tobacco and cigar store carried on by her, are seized
and taken away under an execution against her husband, and her business
is thereby destroyed, she is entitled, in an action of trespass *de bonis aspor-
tatis* against the creditor of her husband, and the constable who levied the
execution and took possession of the goods, to recover in damages for such
injury as she sustained because of the taking of the goods and the breaking
up of her business, and the jury may give punitive damages if they find the
defendants acted after notice, and wantonly.

Where the goods of a married woman being her separate estate, and her stock
in trade as proprietor of a retail tobacco and cigar store, are taken under an
execution against her husband, the creditor having probable cause to believe,
and believing that they were the property of the husband, and having caused
the officer to take the same under a *bona fide* claim of title and right under
the law, and without any malicious motive or purpose to harass or injure
the wife, and the goods are restored within a short time after their seizure
and removal, the measure of damages in an action of trespass *de bonis aspor-
tatis* against the creditor and officer, by the wife, for such seizure and remo-
val, should be restricted to the injury resulting to the plaintiff from the
taking, carrying away and detention of the goods, and the profits which
might have been made by their sale, and any depreciation in the value
thereof in the interval between the actual levy and removal and their subse-
quent restoration to the plaintiff.

Under Article 45, section 4, of the Code of Public General Laws, a married
woman may, by her next friend, and without her husband joining in the
action, sue in trespass *de bonis asportatis* to recover damages for the taking
and carrying away of her goods and chattels, under an execution against
her husband.

APPEAL from the Court of Common Pleas.

The goods, for the taking of which this action was brought, were seized and removed by the appellant McLaughlin on the 22d of June, 1871. On the day following this suit was instituted. On the 19th of July, next ensuing, the appellant Strasburger, by a written order, directed McLaughlin, the constable, to let Mrs. Barber have the goods. On the following day Mrs. Barber, by a paper signed " M. A. Barber, per W. T. Barber, agent," acknowledged the receipt of the goods and chattels from the constable, and that she "thereby released him from any damage or expense of any kind on account of same "

*Exception.*—The plaintiff asked the Court to instruct the jury, that if they find from the evidence in the case,

1st. That the plaintiff was the owner of the store in question, that the goods and all things therein belonged to her in her individual right.

2nd. That the said goods were taken by the defendants by virtue of an execution issued against the husband of the plaintiff.

3rd. That at the time of the taking of the said goods the plaintiff was conducting a retail cigar and tobacco store at No. 65 N. Green street, and the goods were the stock used in said business.

4th. That her business was destroyed by the said acts of the defendants.

5th. Then the plaintiff is entitled to recover damages for such injuries as she sustained because of the said taking and for the breaking up of said business, if the jury find such breaking up of her business, and to assess greater than the actual damages if they find the defendants acted after notice and wantonly.

And the defendants asked the Court to grant the following instructions :

1st. That if the jury shall find from the evidence that the plaintiff is entitled to any damages, in estimating the

same, they should not allow any sum for or on account of any supposed *loss of profits* arising from the sale of the tobacco or other goods taken under the execution and in the declaration mentioned.

2nd. That if the jury believe from the whole evidence in the case, that the defendant Strasburger had just or probable cause to believe, and did believe that the goods and chattels taken under the execution were really the property of the plaintiff's husband, and that said defendant caused the officer to take the same under a *bona fide* claim of title and right under the law, and without any malicious motive or purpose to harrass or injure the plaintiff, then, in estimating the damages, *if any*, to which they may think the plaintiff entitled, the measure of such damages must be restricted to the injury resulting to plaintiff from the taking, carrying away and detention of the goods, and the profits which may have been made by their sale, and any depreciation in the value thereof in the interval between the actual levy and removal and their subsequent restoration and redelivery to the plaintiff, if they find that the same were so redelivered.

3rd. That if the jury believe from the evidence that the goods and chattels referred to and set out in the declaration have been restored to the possession of the plaintiff by the defendants, the proper measure of damages in this suit, if any, is not the value of the goods seized, but only such damages, if any, as may have been sustained by the plaintiff by reason of the taking and detention of the said goods, and the injurious consequences thereof, if any, from the date of the seizure until their restitution.

4th. That if the jury believe from the evidence that the goods and chattels levied on by the defendant Strasburger, to satisfy the judgment and execution he held against William T. Barber, were not the property of the plaintiff, they must find for the defendants.

5th. That if the jury believe that the defendants restored the goods and chattels levied on, to the plaintiff, on condition that she would release all action and claim ·for damages by the seizure of the same, and that she accepted and received the property back on this condition, she is not entitled to recover in this action, and their verdict must be for the defendants.

6th. That if the jury find from the evidence that the goods and chattels, for the taking of which this action is brought, have been restored and surrendered to the possession of the plaintiff, and received and accepted by her, she cannot recover in this action, and their verdict must be for the defendants.

7th. That to enable the plaintiff, a married woman, to recover in this action, it is necessary that the husband should be joined with the wife as plaintiff, and as the declaration shows that the husband of the plaintiff is not a party plaintiff, the plaintiff cannot recover, and their verdict must be for the defendants.

8th. That if the jury believe from the evidence that the goods taken by the defendants were the property of the plaintiff, they can only assess the damages for the detention of the goods from the date of the levy of the execution to the date of the commencement of the suit.

The Court granted the prayer of the plaintiff and the second, third, fourth and eighth prayers of the defendants, and refused their other prayers; to the ruling of the Court in granting the plaintiff's prayer, and in refusing to grant their first, fifth, sixth and seventh prayers, the defendants excepted.

The jury rendered a verdict in favor of the plaintiff for $325. Thereupon the defendants moved for a new trial, and to set aside the verdict; and the Court, (GAREY, J.,) directed that a new trial should be had, unless the plaintiff should on or before the 8th of January, 1872, enter a remittitur of $125 of the verdict.

On the 27th of December, 1871, the *remittitur*, as pre-scribed by the Court, was entered by order of the plain-tiff's attorney, and judgment thereupon entered in favor of the plaintiff for $200, with interest from the date of the verdict and costs. The defendants appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ROBINSON, J.

*Allan B. Magruder,* for the appellants.

*William H. Cowan,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

The appellee, a *féme covert,* by her next friend, sued the appellants in trespass *de bonis asportatis.* It appears that the appellant, Strasburger, had recovered a judg-ment for $41.33 against W. T. Barber, plaintiff's husband, and caused a writ of *fieri facias* issued thereon, to be levied by McLaughlin, a constable, upon certain goods in a store, alleged to be the separate property of Mrs. Barber, by whom the store was carried on. The goods seized, were removed from the store; and about one month thereafter, were returned to her possession by the appellants.

The case was submitted to the jury upon instructions contained in the plaintiff's prayer, and in the second, third, fourth and eighth prayers of the defendants which were granted. We find no error in these instructions, they left the questions of fact in dispute fairly to the jury, and stated correctly the rule or measure of damages.

It has been said in argument, that the fifth clause of the plaintiff's prayer, and the third prayer of the defen-dants, are inconsistent with each other, and it was error to grant them both; but the appellants counsel have failed to point out any inconsistency between them.

By the former, the jury were instructed if they found the facts therein before enumerated; that the plaintiff was entitled to recover in damages for such injury as she sustained because of the taking of her goods, and for the breaking up of her business; if the jury should find that her business had thereby been broken up, and that the jury might assess greater than the actual damage, if they should find the defendants acted *after notice* and wantonly.

By the defendants' third prayer, the jury were instructed that if they should find the goods had been restored to the plaintiff, the proper measure of damages is not the value of the goods seized; but only such damages, if any, as she may have sustained by reason of the taking and detention of the goods, and *the injurious consequences thereof*, if any, from the date of the seizure until their restitution. And by the second prayer, the jury were instructed that the plaintiff could recover only the actual damage suffered, provided the jury should find, that the defendant caused the officer to take them, under a *bona fide* claim of title and right under the law, and without any malicious motive or purpose to harrass or injure the plaintiff. We think these instructions were correct, and find no inconsistency in them.

The acceptance of the goods by the plaintiff did not deprive her of the right of action, and therefore the defendant's sixth prayer was properly rejected.

The fifth prayer claimed exemption for the defendants, on the ground that the goods had been restored to and accepted by the plaintiff "*on condition that she would release all action and claim for damages by the seizure of the same.*" The objection to this prayer is that there was not evidence to support it. The paper offered in evidence signed "*M. A. Barber, per W. T. Barber, agent,*" purports only to release McLaughlin, the officer; even if it were effectual for that purpose, it could not operate as a release to Strasburger; the fifth prayer was, therefore, erroneous, as it claimed exemption for both defendants.

Strasburger and McLaughlin *vs.* Barber.

The seventh prayer raises the question of the right of the plaintiff to sue by next friend, and without her husband joining in the action as plaintiff. The same question is presented by the demurrer to the declaration. The counsel for the appellants contend that the common law rule prevails, and "that the husband and wife ought to have sued jointly." At the common law, the wife could not sue in an action of this kind; nor could she sue jointly with her husband where, as in this case, "the cause of action had its inception as well as completion after marriage;" in such case the husband must have sued alone, the legal title being vested in him *virtute mariti*; and, if in such case the wife were joined as plaintiff, the declaration would be bad on demurrer. 1 *Chitty Pl.*, 74, m. (11 *Am. Ed.* 1851.) Our statutes have materially changed the laws relating to the rights of married women, with respect to property. Under the Code she may be seized of the legal estate in lands, and be vested with the legal property in personalty, and hold the same to her separate use without the intervention of a trustee. And her legal remedies have been changed and modified for her benefit and protection. The Code, Art. 45, sec. 4, provides that "a married woman having no trustee, may by her next friend sue in a Court of Law or Equity in all cases for the recovery or security or protection of her property, as fully as if she were a *féme sole.*"

We think, under this provision, the appellee is clearly entitled to maintain the present suit. She might sue in replevin, by next friend, for the *recovery* of her goods; for that would be within the express words of the Code; and in our opinion it would be giving too narrow a construction to the language employed, to deny to her the right, in a proper case, to maintain trover or trespass; these come within the spirit and intent of the law.

*Judgment affirmed.*

(Decided 22nd May, 1873.)