(Decided 23d June, 1887.)

---

LAZARUS STERN, trading as L. STERN & COMPANY *vs.* SIGMUND ROSENHEIM.

*Contract—Construction—Conjectural profits.*

S. contracted in writing to employ R. as a travelling salesman for one year at a fixed salary, payable in equal monthly instalments; and it was stipulated in the contract that if during the year the sales made by R. should exceed a specified amount, he should receive an additional compensation of ten per cent. on the excess; S. reserving the right to annul the contract at the expiration of six months. R. was discharged before the six months expired. In an action by R. for a breach of the contract, it was HELD:

That the plaintiff was entitled to no commissions unless he sold goods to the amount specified; and could not claim commissions on goods that he might have sold if he had been allowed to remain for the full period of six months, the amount of such sales being too speculative and conjectural to form the basis of a recovery of damages.

APPEAL from the Baltimore City Court.

This suit was brought by Sigmund Rosenheim to recover from Lazarus Stern, trading as L. Stern & Co., for a breach of the following written contract:

BALTIMORE, *March* 24, 1886.

This contract, entered into between L. Stern & Co., of the first part, and S. Rosenheim of the second part, is as follows, viz.,

S. Rosenheim, of the second part, is to receive eighteen hundred dollars ($1,800) per annum, payable in monthly instalments of one hundred and fifty dollars, ($150,) for which the said S. Rosenheim is to represent the said L. Stern & Co., of the first part, as travelling salesman for one year, commencing April 1, 1886, and to travel such territory as may be selected by L. Stern & Co.

And it is further agreed, that should the sales of said S. Rosenheim exceed the sum of thirty thousand dollars ($30,000) during the existence of this contract, then the said S. Rosenheim is to receive a further compensation of ten per cent. on all sales in excess of thirty thousand dollars.

It is further agreed, that the said L. Stern & Co. reserve the right and privilege to reject and refuse to ship any orders or bills sold by the said S. Rosenheim, if in their judgment they consider it advisable to do so.

It is also further agreed, that the said L. Stern & Co., of the first part, reserve the right and privilege to annul and terminate their contract at the expiration of six months from April 1, '86, if the services of the said S. Rosenheim are not satisfactory, in the event of which the said Rosenheim is to receive no further compensation.

L. STERN & Co.,

S. ROSENHEIM.

The opinion of the Court and the dissenting opinion of Judge BRYAN, furnish a statement of the case.

*Exception.*—The plaintiff offered a prayer which the Court, (STEWART, J.) modified, and granted as follows:

If the jury believe from the evidence that the plaintiff was employed by the defendant as salesman for one year, commencing on the 1st day of April, 1886, at the salary of $1800, and ten per cent. on all sales made by plaintiff for defendant in excess of $30,000, and that the defendant had the right to annul said contract of employment at the

end of six months; and shall find that plaintiff faithfully discharged his duties as salesman until the 28th day of August, 1886, when he was dismissed from said employment before the expiration of six months, then the plaintiff under said written contract (offered in evidence) is entitled to recover one-half of the said sum of $1800, and also to ten per cent. on all sales in excess of $15,000 made by plaintiff whilst so employed, or which he could reasonably have made if he had been permitted to continue in said employment to the end of six months, less such sums as the jury may believe the defendant paid the plaintiff on account of his said salary, and also less such sum as the plaintiff actually earned after his discharge by the defendant, and before 1st of October, 1886, or might by due and reasonable diligence have earned during that period; in ascertaining which sum so earned by the plaintiff, the jury are to take into consideration any expense the plaintiff may have incurred in seeking new employment, if they believe he did incur expense for that purpose; and the jury are to allow the defendant any freight paid by him on goods returned to him, which may have been ordered by plaintiff to be shipped to parties without authority from said parties, if the jury so believe. If the jury from the evidence believe that no commissions (in addition to his salary) were earned by the plaintiff, but that sums were paid by the defendant to him on anticipated sales in excess of the amount mentioned in the agreement, with the understanding that the said sums of money, if not earned in commissions, were to be applied on account of salary, then the jury must make said application, and if the said sums amount to or are in excess of the amount of salary, if any, which the jury may find to be due, their verdict must be for defendant.

The defendant offered the following prayer, which the Court refused:

That the plaintiff is not entitled to recover any salary in this case if the jury find that when the plaintiff was dis-

charged he had already received from the defendant $900. And the jury is further instructed, that the only commissions to which the plaintiff was entitled was ten per cent. on such amount of sales made by him and accepted by the defendant, over and above the sum of $12,500. And that from such commissions, if they find any have thus been earned by the plaintiff, the defendant is entitled to deduct such sums of money as the plaintiff actually earned after his discharge, and prior to 1st of October, 1886, or might by due and reasonable diligence have earned during that period, and also any freight which the defendant may have been compelled to pay on goods returned to him not ordered as represented by plaintiff. And in ascertaining what the plaintiff did earn during that period, the jury can take into consideration such expenses as they believe the plaintiff incurred.

To the granting of the plaintiff's prayer as modified, and to the rejection of the defendant's prayer, the defendant excepted and filed also special exceptions as follows to the plaintiff's prayer :

1st. That there is no evidence in the case by which the jury can estimate what amount of goods the plaintiff could have sold by the 1st October, 1886, if he had not been discharged.

2nd. Because it leaves it to the jury to determine whether or not the defendant had the right to annul said contract at the end of six months.

3rd. That there is no evidence of the plaintiff having sold as much as $15,000 while in the employ of defendant, or that he could have earned that amount.

The verdict and judgment being for the plaintiff, the defendant appealed.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, and BRYAN, J.

*H. W. Williams*, and *Randolph Barton*, for the appellant.

*J. J. Wade,* for the appellee.

STONE, J., delivered the opinion of the Court.

A majority of the Court think upon a fair construction of the contract between Stern and Rosenheim, that the plaintiff's right to commissions only began when he had sold the $30,000 worth of goods. He was engaged for a year at a fixed salary, with the further promise that if during that year he sold over $30,000 he should have a commission on the excess. But the contract gave the defendant the right to discharge him at the end of six months. Unless he had sold $30,000 worth of goods while in the service of the defendant, we do not think he was entitled to any commissions.

But if we concede that if he had remained in the employ of the defendant for six months only, he would have been entitled to commissions on all over $15,000 worth of goods, we think his right to commissions could only exist on the amount he actually sold.

That the plaintiff could not claim an allowance for commissions on goods that *he might have sold,* if he had been allowed to remain for the full period of six months. What he might have sold for the period between 28th August and 1st October, is entirely speculative and conjectural, and depends upon too many contingencies to be allowed as the basis of a recovery of damages.

We, therefore, think that the Court was in error in allowing the jury to take into consideration the amount of goods that he might have sold, and the judgment should be reversed. As it appears that the plaintiff had actually received the amount of money due to him as salary for the six months, this case will be reversed without awarding a new trial.

*Judgment reversed, without*
*awarding a new trial.*

(Decided 23rd June, 1887.)

BRYAN, J., delivered the following dissenting opinion:

Sigmund Rosenheim sued Lazarus Stern for breach of contract of employment. The defendant made a written contract with the plaintiff to employ him as a travelling salesman for the term of one year at a salary of eighteen hundred dollars, payable in equal monthly instalments. It was stipulated in the contract that if the sales made by the plaintiff should exceed the sum of thirty thousand dollars during the year, he should receive an additional compensation of ten per cent. on the amount of such excess, and it was also stipulated that the defendant should have the right to annul the contract at the expiration of six months. The plaintiff entered into the defendant's service on the first of April, 1886, and continued to discharge his duties until the twenty-eighth day of August of the same year, when he was dismissed by the defendant. It was shown that the defendant in May agreed to advance the plaintiff fifty dollars a month on account of commissions to be earned under the contract, and that he had paid him two hundred and twenty-five dollars on this account, and also that he had paid him six hundred and seventy-five dollars on account of salary. There was evidence tending to show that while in defendant's employment he had made sales amounting to $13,937.27; and that he had procured orders from customers to the amount of $300 or $400, which were sent by them to defendant by mail, and that defendant sold and forwarded the goods in accordance with said orders. The defendant offered evidence tending to show that plaintiff's sales were about $13,000, and that about the fifteenth of September, he obtained employment as a salesman for a New York house, and that he incurred an expense of about forty dollars in securing this new employment.

The compensation to the plaintiff accrued proportionally and progressively and was payable in monthly instalments. When it was agreed that the plaintiff was to

be advanced fifty dollars a month on account of commissions, it must have been recognized by both parties that some portion of the commissions might be earned monthly. If the sales exceeded thirty thousand dollars, in the course of the year, commissions were payable on the excess. The monthly commissions would be chargeable on the excess over one-twelfth of this amount.

No sufficient reason was alleged or shown for the discharge of the plaintiff. If he had been permitted to remain in defendants' service until the expiration of six months as agreed in the contract, he would have earned nine hundred dollars in salary, and commissions on such sales as he effected for his employer. The defendant is bound to make him compensation for such loss as he caused by breaking the contract, provided it can be estimated with the certainty which the law requires. The loss of salary is readily computed by a very simple calculation. But it has been said in many cases that damages cannot be recovered for loss of profits, because they depend on uncertainties and contingencies, which make their amount merely conjectural and speculative. This, however, is by no means universally the case. The value of an established business may be ascertained with reasonable certainty, although it may depend entirely on the profits which accrue from its successful prosecution. In actions of tort the jury are always permitted to assess damages for injury or destruction to business. *Strasburger vs. Barber*, 38 *Md.*, 103. Although the rule of damages is held to be more liberal in actions of this description, than in cases *ex contractu*, yet there is no reason for refusing a recovery when such injuries are caused by a breach of contract, if the evidence supplies the requisite means of ascertaining them. In *Hamill vs. Foute*, 51 *Md.*, 429, the evidence furnished no rule or standard for estimating the amount of the sales which the plaintiff alleged that he might have made. In the present case the proof shows

the sales actually made by the plaintiff during the time he was in the defendant's service.  It is also shown that the defendant agreed to advance to him fifty dollars a month on sales to be made in the future.  This advance showed his opinion of the plaintiff's services in influencing trade ; and the sales actually made were satisfactory proof of his ability to make them.  It was on the power to make sales that his usefulness depended.  This was in reality the plaintiff's business ; it was the kind of industry by which he earned his livelihood.  The successful prosecution of it required acquaintance with buyers, tact, skill, industry, and those other personal qualities which make up efficiency of character.  But the practical palpable proof of its pecuniary value is found in the results accomplished.  And the injury done to the plaintiff by breaking up his engagement is adequately measured by the results which he was prevented from accomplishing.  If tested in this way the recovery must be measured by the same rule which prevails in cases where any other business is broken up or injured.  This Court has held that a plaintiff in an action *ex contractu,* may recover as damages the value of the professional practice which he had lost by a breach of contract.  *Warfield vs. Booth,* 33 *Md.,* 63.  It was a case where one physician had sold to another the good-will of his practice, and afterwards in violation of his agreement, had resumed his practice and thereby caused loss of business to the plaintiff.  In *Railroad Co. vs. Howard,* 13 *Howard* (*S. C.,*) 307, the Circuit Court in an action of covenant instructed the jury to allow, by way of damages, such profit as they might find the plaintiff had been deprived of by the termination of the contract by the defendant.  In reviewing this ruling the Supreme Court say : "Wherever profits are spoken of as not a subject of damages, it will be found that something contingent upon future bargains or speculations, or states of the market, are referred to."  And the opinion concludes as

Stern & Co. *vs.* Rosenheim.

follows : "We hold it to be a clear rule that the gain or profit, of which the contractor was deprived by the refusal of the company (defendant) to allow him to proceed with and complete the work, was a proper subject of damages." This case was not similar to the present one in any of its details; but I refer to it because it recognizes and maintains the principle, according to which profits are to be admitted, or rejected in considering the question of damages.

The instruction which was given to the jury, as prayed by the plaintiff, required them to deduct from the amount to be allowed him such sum as he earned, or might have earned by due and reasonable diligence during the interval between his dismissal and the expiration of the six months, and I think it was substantially correct. It is true that it requires the jury to find that the defendant had the right to annul the contract of employment at the end of six months. The defendant objected in the Court below to the form of the instruction in this particular. He was, however, in no respect injured by it. It was rather injurious to the plaintiff, because it made his recovery dependent on the finding as a fact by the jury that the defendant had a right to rescind the contract; when this right admitted of no question whatever, and ought to have been positively declared as matter of law. The defendant's prayer being contradictory to the plaintiff's, was properly rejected.

(Filed 23rd June, 1887.)