(24 Misc. Rep. 182.)

### KAUFFMAN v. MENDELSOHN.

(Supreme Court, Appellate Term. July 1, 1898.)

CONTRACT OF HIRING—ACTION FOR BREACH.

In an action by an employé for breach of a contract of hiring, under which he was to be paid according to the amount of goods sold during the year, evidence on his part of the amount of sales in immediately preceding years, and in the year in question down to his dismissal, being the best evidence procurable under the circumstances, is not so speculative and remote as to be inadmissible, for a recovery is not to be barred by the uncertainty and difficulty of estimating the amount of damages.

Appeal from Fourth district court.
Action by Maurice Kauffman against Hyman Mendelsohn. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

M. Esberg, for plaintiff.

K. H. Rosenberg, for defendant.

GILDERSLEEVE, J. The action is for a breach of a contract of hiring. The contract was a verbal one, although a written, but unsigned, agreement is produced, which plaintiff claims embodies the contract. Plaintiff and his witnesses swear the defendant agreed that the terms set forth in the written instrument were all right, but that he refused to sign it, saying his word was sufficient. Defendant, on the other hand, swears he never read the instrument, and handed back the duplicate which plaintiff gave him, and refused to sign it. According to the plaintiff's claim, the hiring was for one year, and he swears that he did his duty under it, and was wrongfully discharged by defendant. His witnesses, who are apparently independent, give testimony tending to support his claim. The defendant, on the contrary, claims that the hiring was indefinite, and dependent on plaintiff's good behavior; that he discharged the plaintiff for the reason that he spent too much money when traveling as a salesman for the defendant, averaging $14 a day; that he undersold goods; and that he was insulting. These accusations are denied by the plaintiff. It is claimed by plaintiff that he only spent $8.75 a day, which defendant admits was a reasonable figure. Defendant's testimony is partly corroborated by his own bookkeeper, who, however, seems to have been somewhat shaken by the questions of the court and of the plaintiff's counsel. Upon this conflict of evidence, the justice gave judgment for the plaintiff, and with the conclusions of fact necessary to the support of the judgment this court, under the circumstances disclosed, will not interfere.

The only grounds urged by the defendant for the reversal of the judgment are the alleged errors in the admission of testimony over the defendant's objection and exception. On the claim of damages, the plaintiff was allowed to state, against the defendant's objection, the quantity of goods that he had sold for the defendant between certain dates during the preceding year. He was further allowed to state the entire quantity sold during the previous year, and also the amount sold during the year in question, up to the time of his discharge. This was some evidence of the probable amount of sales he would have made during the year for which he claims he had been engaged, and was properly admitted. The evidence was competent, and we think it sufficient to support the award for damages which the trial justice made. It was certainly the best evidence which the nature of the case afforded, and cannot be said to be so speculative and remote as to be inadmissible. The true measure of damages is the probable losses sustained and gains prevented. The plaintiff's recovery is not barred by the uncertainty and difficulty in estimating the amount. Wakeman v. Manufacturing Co., 101 N. Y. 205, 4 N. E. 264. The judgment should be affirmed, with costs. All concur.