(48 Misc. Rep. 506)

ROTH v. SPERO et al.

(Supreme Court, Appellate Term. November 29, 1905.)

1. APPEAL—RECORD—EVIDENCE—CERTIFICATE—PRESUMPTIONS.
    Where, in an action for breach of a contract of employment, the case on appeal contains no proper certificate or stipulation that it includes all the evidence, it will be presumed by the appellate court that there was sufficient evidence to sustain the verdict as to the making of the contract and its terms.

2. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—BREACH—MEASURE OF DAMAGES.
    Where defendants employed plaintiff as a salesman for a year from October 31, 1902, and wrongfully discharged him on February 23, 1903, the measure of plaintiff's damages was the amount that he would have earned for the balance of the contract period, less any amount he may have earned during such period from other employment.
    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 50–56.]

3. SAME—PROFITS.
    In a suit for breach of a contract for the employment of a salesman for a year at a fixed commission, with an advance of $25 a week and his traveling expenses, plaintiff was entitled to recover prospective profits which it was reasonably certain would have been realized, but for defendants' default, though the amount was necessarily uncertain.
    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 52.]

4. SAME—EVIDENCE.

Where plaintiff, before his employment as a salesman by defendants. had been employed by others to sell goods of a similar, but not identical, character with those he was employed to sell for defendants, evidence as to the amount of his average earnings while in the employ of such other firms, and as to the amount of his sales for them, was inadmissible for the purpose of showing prospective profits plaintiff would have made under his contract with defendants, but for their wrongful termination thereof.

5. APPEAL—ADMISSION OF EVIDENCE—PREJUDICE.

Where evidence improperly admitted was dwelt on by the trial judge in his charge and commented on to the jury as the basis on which they should estimate plaintiff's damages, and the verdict disclosed that the jury adopted such evidence as the foundation of their verdict, the error was not harmless.

Appeal from City Court of New York, Trial Term.

Action by Moses L. Roth against Joseph Spero and others. From a judgment of the City Court of the city of New York in favor of plaintiff, defendants appeal. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Samuel P. Goldman (William M. K. Olcott and Henderson Pack, of counsel), for appellants.

Gustavus A. Rogers, for respondent.

SCOTT, P. J. In this action the plaintiff sues for damages for a wrongful discharge from defendants' employment. There was a very sharp conflict of evidence as to the terms of the employment, and especially as to whether it was for a definite period, or merely upon trial and terminable at the pleasure of defendants. The jury, having found in plaintiff's favor, must have found that the contract was made as testified to by plaintiff, which was that he was to be employed as salesman for a year at a fixed commission upon all sales made by him, with an advance of $25 per week and his traveling expenses, to be deducted from the commissions earned. The plaintiff further alleged that his employment began on October 31, 1902, was to continue one year, and was terminated by defendants without just cause on February 23, 1903. It appeared that during the term of his employment the plaintiff had sold goods of the value of $11,190, of which some were canceled by the purchasers, and had received from defendants $550 by way of advances. The case on appeal contains no proper certificate or stipulation that it includes all the evidence, and we must therefore assume that there was sufficient evidence to sustain the verdict as to the making of the contract and its terms.

There was, however, serious error committed in the admission of testimony bearing upon the question of damages. Assuming, as we must, that the contract was made as asserted by plaintiff, and that he was wrongfully discharged, it is clear that he was entitled to recover the amount that he would have earned from February 23d to October 31st following, that being the value of the contract to him, less any amount he may have earned during that period from

other employment. It is now well settled that for breach of such a contract prospective profits, in so far as they may properly be proved, and which it is reasonably certain would have, been realized, but for the defendant's default, may be allowed as damages, even though the amount is necessarily uncertain. Wakeman v. Wheeler & Wilson Mfg. Co., 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676. In the application of this rule, however, it is necessary that the evidence offered to furnish a basis for estimating the probable future profits should be received with caution. In the present case it appeared that before his engagement with defendants plaintiff had been employed as a traveling salesman for other firms than defendants, and engaged in selling goods of a similar, but not identical, character with those he was employed to sell for defendants. Under objection and exception the plaintiff was permitted to testify as to the amount of his average earnings while in the employ of these other firms and as to the amount of his sales for them. It scarcely needs anything further than the statement of the admission of this evidence to demonstrate its irrelevancy and impropriety. The damages to which plaintiff is entitled would represent the value of his contract to him, and it is thus expressed in many similar cases; so that to say he is entitled to his prospective profits is the exact equivalent to saying that he is entitled to recover the value of his contract. The admission of the evidence objected to amounted to the admission of the value of other contracts as evidence of the value of this one. Such evidence has uniformly been condemned in this state. Huntington v. Atrill, 118 N. Y. 365, 23 N. E. 544; Witmark v. N. Y. El. R. R. Co., 149 N. Y. 393, 44 N. E. 78. In the case last cited it was said that a contrary rule would introduce into the case collateral issues as to each foreign piece of property of which the value was sought to be shown, and that there is no general or well-defined principal of law or evidence which would enable a party to establish the value of some particular or specific thing by proof of the value of another thing of the same class or general character. Most strikingly is this true of the evidence permitted to be introduced in the case at bar. The success of a salesman cannot be assumed to depend only upon his skill, industry, and acquaintance, but must, in some degree, at least, depend upon the character, quality, and price of the goods which he offers for sale. To say, therefore, that plaintiff's earnings or the amount of his sales under different employment and with different goods to offer, even if of the same general description, could afford any reliable evidence as to his probable sales and profits while engaged in selling defendants' goods, is manifestly impossible.

The respondent cites to us a number of cases wherein proof of past profits or earnings has been received as some evidence of what probable future profits would be; but in each case the past profits thus allowed to be proven have been those resulting from the same contract or employment for the breach of which damages are sought. Dickinson v. Hart, 142 N. Y. 183, 36 N. E. 801; Kauffman v. Mendelsohn, 24 Misc. Rep. 182, 52 N. Y. Supp. 631; Bagley v. Smith, 10

N. Y. 489, 61 Am. Dec. 756. The difference between such evidence and that admitted in the present case is obvious. The cases in which evidence of past earnings has been permitted to prove damages resulting from accidents and other torts are clearly irrelevant to the question now under discussion, since they rest upon entirely different principles. The evidence thus improperly received cannot be said to have been harmless, for the learned justice below dwelt upon it in his charge and commended it to the jury as the basis upon which they should estimate the plaintiff's damages. The verdict shows that the jury did so adopt the evidence as the foundation for their verdict.

The judgment must be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.