(93 Misc. Rep. 19)

## CALUWAERT v. SCHAPIRO.

(Supreme Court, Appellate Term, First Department.   December 28, 1915.)

1. MASTER AND SERVANT  ⬤⟿41—WRONGFUL DISCHARGE—DAMAGES—EVIDENCE.

In an action by a salesman, employed on a commission basis, for damages for loss of commissions due to his being wrongfully discharged before the expiration of his contract, evidence of sales made by plaintiff under similar conditions in other years, and the actual sales made by other salesman selling the same goods for defendant after plaintiff's discharge, though not furnishing an accurate measure by which to determine the damages, is admissible.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 50–53; Dec. Dig. ⬤⟿41.]

2. MASTER AND SERVANT ⬤⟿41—WRONGFUL DISCHARGE—RECOVERY OF DAMAGES—EVIDENCE.

Where such proof is given, the fact that the exact amount of plaintiff's damages cannot be ascertained will not prevent his recovery; the amount of damages recoverable being for the jury, where the evidence permits a logical estimate of the probable damages, based on facts and circumstances proven, and not on speculation and possibilities.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 50–53; Dec. Dig. ⬤⟿41.]

3. MASTER AND SERVANT ⬤⟿41—WRONGFUL DISCHARGE—ACTION FOR DAMAGES—EVIDENCE.

In an action by a salesman, employed on a commission basis, for damages for loss of commissions caused by his wrongful discharge, evidence of plaintiff's sales of different goods of the same general description, made some years before while in his son's employ, was not admissible on the issue of the probable sales plaintiff would have made for defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 50–53; Dec. Dig. ⬤⟿41.]

4. MASTER AND SERVANT ⬤⟿41—WRONGFUL DISCHARGE—ACTION FOR DAMAGES—EVIDENCE.

In such case, evidence of sales made by plaintiff while in the employ of a firm of which defendant was a member was properly admitted, where the firm had been dissolved and the business formerly carried on by it was being continued by defendant, and the same kind of goods were being manufactured and sold by him.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 50–53; Dec. Dig. ⬤⟿41.]

Appeal from City Court of New York, Trial Term.

Action by Prosper Caluwaert against Jacob Schapiro. From judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

See, also, 153 N. Y. Supp. 1109.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Engelhard & Pollak, of New York City (Walter H. Pollak and Samuel L. Jackson, both of New York City, of counsel), for appellant.

Max Miller, of New York City (Joseph I. Green, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff was employed by the defendant as a salesman upon a commission basis. He was discharged before the expiration of the contract, and has recovered a judgment for $1,850 damages for the loss of profits caused by his discharge. The defendant now claims that all the testimony introduced to show the loss of profit was immaterial and irrelevant, and that there is no testimony in the case from which any inference can be drawn that the plaintiff has suffered any loss of profits.

The profits which the plaintiff might have made depend upon the amount of sales which he might have made. The amount of sales which he might have made depends upon numerous circumstances, and the effect of none of these circumstances is capable of exact measurement. In a general way the success of; a salesman depends upon his skill, industry, and acquaintance, as well as upon the character, quality, and price of the goods which he offers for sale; but his success during any particular period depends, also, upon other matter, such as the prosperity of the territory in which he is operating, and even purely fortuitous circumstances, such as his good or ill fortune in meeting certain customers when they are in good humor.

[1] To prove loss of commissions due to his discharge, a discharged salesman can give evidence of sales made by himself under similar conditions in other years, or of the actual sales made by other salesmen selling the same goods for the defendant after his discharge. Obviously neither form of evidence can furnish an accurate measure to determine what profits the plaintiff could have made if he had been permitted to carry out his contract, for while the conditions may be similar they can never be absolutely identical. Whether or not any such evidence has any probative force at all to show that the plaintiff has lost any profits depends upon the degree of similarity of the conditions under which the actual sales are made to the conditions under which sales might have been made by the plaintiff under the contract. Such evidence may logically lead to a reasonably certain inference that the plaintiff has suffered some damage, even though it cannot logically lead to any reasonably certain inference of the exact amount of the damage, which by its very nature is not capable of exact measurement.

[2] Where such proof is given, the plaintiff cannot be deprived of a right to recover some damages merely because the exact amount of his damages cannot be ascertained. The plaintiff is entitled to have the jury pass upon the question of the amount of his damages, where the evidence is sufficient to permit a logical estimate of the probable damages based, not "upon speculation and possibilities," but upon the facts and circumstances proved. Wakeman v. Wheeler & Wilson Mfg. Co., 101 N. Y. 206, 4 N. E. 264, 54 Am. Rep. 676. These rules are, I think, well established; but the difficulty lies in their application, for no general rule will suffice to determine when the conditions under which sales have been actually made approximately so closely to the conditions under which the prospective sales would have been conducted that evidence of the actual sales may be considered material

and relevant upon the question of the probable amount of such prospective sales. In the present case the evidence admitted to prove future profits is of three kinds: (1) Evidence of the amount of the plaintiff's sales and the amount of his salary when he was employed by his son some years before he made his contract with the defendant. (2) Evidence of the amount of the plaintiff's sales and the amount of his commissions during 15 months in the years 1913 and 1914, when he traveled for Schapiro & Anderson, a firm in which the defendant had been a partner. (3) Evidence of the plaintiff's sales under his contract with the defendant during the quarter year before his discharge.

[3] There is no question but that the last form of evidence was material and relevant, but the actual amount of these sales was so small that, if this were the only evidence in the case, the jury would have been bound to find that the plaintiff has suffered no damage. The defendant contends that all the other evidence was wrongly admitted, because the actual sales were made under other contracts of employment, and that evidence of such sales would be relevant in regard to the value of those contracts, but not in regard to the value of the present contract.

The defendant relies for authority for his contention upon the case of Roth v. Spero, 48 Misc. Rep. 506, 96 N. Y. Supp. 211. The court decided in that case that the amount of sales made "under different employment and with different goods to offer, even if of the same general description, could afford no reliable evidence of the plaintiff's probable sales in the employment from which he has been discharged." That decision is in line with the other authorities in this state, and there can be no question but that evidence of the plaintiff's sales some years before, while in the employ of his son, where he offered for sale different goods, though of the same general description as the goods made by the defendant, is irrelevant and immaterial upon the issue of the probable sales the plaintiff would have made for the defendant. No argument, of course, is necessary to show that evidence of salary paid by the son should have been excluded. The admission of this evidence was clearly prejudicial, and requires a reversal of the judgment and a new trial.

[4] I do not, however, agree that the admission of evidence of sales made by the plaintiff while in the employ of Schapiro & Anderson was erroneous. It is true that the opinion in Roth v. Spero, supra, points to the view that only evidence of sales "under the same contract or employment" is admissible. In a general way this is perhaps a correct statement of the law; it is based, however, on the logical ground that ordinarily the conditions surrounding the sales under one contract or employment are materially different from the conditions under another contract. In this case, however, the logical ground for the rule is absent. The previous employers were a firm of which the defendant was a member. After the dissolution of the firm the defendant continued to manufacture as an individual the same kind of goods which his firm had manufactured. Under such circum-

stances, I think that sales made for the firm furnish a reasonable criterion by which probable sales for the defendant can be estimated.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

FINCH, J., concurs.  BIJUR, J., concurs in result.