PROSPER CALUWAERT, Respondent, *v.* JACOB SCHAPIRO, Appellant.

(Supreme Court, Appellate Term, First Department, December, 1915.)

**Evidence — of sales — in** action for wrongful discharge of salesman employed upon commission basis — contracts — sales.

Whether in an action for alleged wrongful discharge of a salesman employed upon a commission basis, for the purpose of showing damage, evidence of sales by himself under similar conditions in other years or of actual sales by other salesmen selling the same goods for defendant after plaintiff's discharge has any probative force depends upon the degree of similarity of the conditions under which the actual sales were made to the conditions under which the sales might have been made by plaintiff under the contract of employment.

Where such proof is given plaintiff cannot be deprived of his right to recover some damages merely because the exact amount cannot be ascertained, and where upon the facts and circumstances proved the evidence is sufficient to permit a logical estimate of the probable damages, plaintiff is entitled to have the jury pass upon the question of damages.

While evidence of plaintiff's sales under his contract with defendant during the quarter year before his discharge was material and relevant, the actual amount of such sales was so small that if such evidence were the only evidence in the case the jury would have been bound to find that plaintiff had suffered no damage.

Evidence of plaintiff's sales some years before while in the employ of his son when he offered for sale different goods though of the same general description as the goods made by defendant was irrelevant and immaterial upon the issue of the probable sales plaintiff would have made for defendant and the admission of such evidence was prejudicial error calling for the reversal of a judgment for plaintiff.

Evidence of the amount of sales made by plaintiff while in the employ of a firm in which defendant had been a partner was admissible as furnishing a reasonable criterion by which

Supreme Court, Appellate Term, December, 1915. [Vol. 93.

probable sales for defendant could be estimated, it appearing that after the dissolution of the firm defendant continued to manufacture as an individual the same kind of goods which said firm had manufactured.

APPEAL by defendant from a judgment of the City Court of the city of New York rendered in favor of the plaintiff, after a trial before a court and a jury.

Engelhard & Pollak (Walter H. Pollak and Samuel L. Jackson, of counsel), for appellant.

Max Miller (Joseph I. Green, of counsel), for respondent.

LEHMAN, J. The plaintiff was employed by the defendant as a salesman upon a commission basis. He was discharged before the expiration of the contract and has recovered a judgment for $1,850 damages for the loss of profits caused by his discharge. The defendant now claims that all the testimony introduced to show the loss of profit was immaterial and irrelevant and that there is no testimony in the case from which any inference can be drawn that the plaintiff has suffered any loss of profits. The profits which the plaintiff might have made depend upon the amount of sales which he might have made. The amount of sales which he might have made depends upon numerous circumstances and the effect of none of these circumstances is capable of exact measurement. In a general way the success of a salesman depends upon his skill, industry and acquaintance as well as upon the character, quality, and price of the goods which he offers for sale, but his success during any particular period depends also upon other matter such as the prosperity of the territory in which he is operating and even purely fortuitous circumstances such as his good or ill fortune in meeting certain customers when they are

Misc.] Supreme Court, Appellate Term, December, 1915.

in good humor. To prove loss of commissions due to his discharge, a discharged salesman can give evidence of sales made by himself under similar conditions in other years or of the actual sales made by other salesmen selling the same goods for the defendant after his discharge. Obviously neither form of evidence can furnish an accurate measure to determine what profits the plaintiff could have made if he had been permitted to carry out his contract for while the conditions may be similar they can never be absolutely identical. Whether or not any such evidence has any probative force at all to show that the plaintiff has lost any profits depends upon the degree of similarity of the conditions under which the actual sales are made to the conditions under which sales might have been made by the plaintiff under the contract. Such evidence may logically lead to a reasonably certain inference that the plaintiff has suffered some damage even though it cannot logically lead to any reasonably certain inference of the exact amount of the damage, which by its very nature is not capable of exact measurement. Where such proof is given the plaintiff cannot be deprived of a right to recover some damages merely because the exact amount of his damages cannot be ascertained. The plaintiff is entitled to have the jury pass upon the question of the amount of his damages where the evidence is sufficient to permit a logical estimate of the probable damages based not " upon speculation and possibilities " but upon the facts and circumstances proved. *Wakeman* v. *Wheeler & Wilson Mfg. Co.,* 101 N. Y. 206. These rules are, I think, well established but the difficulty lies in their application for no general rule will suffice to determine when the conditions under which sales have been actually made approximate so closely to the conditions under which the prospective sales would have been

conducted that evidence of the actual sales may be considered material and relevant upon the question of the probable amount of such prospective sales. In the present case the evidence admitted to prove future profits is of three kinds: 1. Evidence of the amount of the plaintiff's sales and the amount of his salary when he was employed by his son some years before he made his contract with the defendant. 2. Evidence of the amount of the plaintiff's sales and the amount of his commissions during fifteen months in the years 1913 and 1914 when he traveled for Schapiro and Anderson, a firm in which the defendant had been a partner. 3. Evidence of the plaintiff's sales under his contract with the defendant during the quarter year before his discharge.

There is no question but that the last form of evidence was material and relevant, but the actual amount of these sales was so small that if this were the only evidence in the case the jury would have been bound to find that the plaintiff has suffered no damage. The defendant contends that all the other evidence was wrongly admitted because the actual sales were made under other contracts of employment and that evidence of such sales would be relevant in regard to the value of those contracts but not in regard to the value of the present contract. The defendant relies for authority for his contention upon the case of *Roth* v. *Spero*, 48 Misc. Rep. 507. The court decided in that case that the amount of sales made " under different employment and with different goods to offer even if of the same general description could afford no reliable evidence of the plaintiff's probable sales in the employment from which he has been discharged." That decision is in line with the other authorities in this state and there can be no question but that the evidence of the plaintiff's sales some years before while

Misc.]    Supreme Court, Appellate Term, December, 1915.

in the employ of his son where he offered for sale different goods though of the same general description as the goods made by the defendant is irrelevant and immaterial upon the issue of the probable sales the plaintiff would have made for the defendant. No argument of course is necessary to show that evidence of salary paid by the son should have been excluded. The admission of this evidence was clearly prejudicial and requires a reversal of the judgment and a new trial. I do not, however, agree that the admission of evidence of sales made by the plaintiff while in the employ of Schapiro and Anderson was erroneous. It is true that the opinion in *Roth* v. *Spero, supra,* points to the view that only evidence of sales " under the same contract or employment " is admissible. In a general way this is perhaps a correct statement of the law; it is based, however, on the logical ground that ordinarily the conditions surrounding the sales under one contract or employment are materially different from the conditions under another contract. In this case, however, the logical ground for the rule is absent. The previous employers were a firm of which the defendant was a member. After the dissolution of the firm the defendant continued to manufacture as an individual the same kind of goods which his firm had manufactured. Under such circumstances I think that sales made for the firm furnish a reasonable criterion by which probable sales for the defendant can be estimated.

Finch, J., concurs; Bijur, J., concurring in result.

Judgment reversed and new trial ordered with costs to appellant to abide event.