## MYERS v. THE SUNLIGHT LAUNDRY CO.

*Contracts — Intent of parties — Ambiguous written provisions — Evidence — Conversations before signing admissible, when — Uncommunicated intentions inadmissible, when — Breach of contract — Error to deny plaintiff nominal damages, when.*

1. Parol evidence of conversations between parties prior to or at the time of signing a written agreement are admissible to explain mutual intention as to ambiguous terms, but it is prejudicial error to admit testimony as to unexpressed or secret intentions of one party which are not communicated to the other party.
2. Where an agent establishes a breach of contract by his principal but is unable to prove substantial loss, the agent is at least entitled to nominal damages; and since a judgment for the principal would carry costs a failure to grant nominal damages constitutes reversible error.                                        •

(Decided December 30, 1918.)

ERROR:    Court of Appeals for Hamilton county.

*Mr. Theo. Horstman,* for plaintiff in error.
*Messrs. Robertson, Buchwalter & Oppenheimer,* and *Mr. R. G. Williams,* for defendant in error.

SHOHL, J.   The defendant in error, defendant below, operates a laundry in Covington, Kentucky, close to the Suspension Bridge that connects that city with Cincinnati. It started in business in December, 1915. On April 4, 1916, plaintiff and defendant entered into a written contract as follows:

"CONTRACT

"Contract entered into by and between Mrs. Otto Myers, of Cleveland, Ohio, party of the first part, and The Sunlight Laundry Company, party of the second part.

"*Witnesseth:* The party of the first part agrees to advertise the business of the party of the second part by selling 3000 three thousand coupons at fifty (.50) cents each, which the party of the second part agrees to redeem at their face value of One ($1.00) Dollar, in laundry work, at schedule prices prevailing when coupon is sold.

"The party of the first part agrees to accept as compensation the fifty (.50) cents collected on said coupons for her work.

"The party of the first part further agrees not to sell these coupons to customers of present date or to work this system for any other laundry in Kenton and Campbell Counties, Kentucky and Hamilton County, Ohio, during the next five (5) years.

"The party of the first part agrees to furnish all printed matter and necessary filing cabinet for a complete card system free of charge.

"The party of the second part agrees to do all laundry work for Mrs. Myers and her employees free of charge.

"Contract entered into this 4th day of April, 1916.

"Contract to terminate in case of fire or other casualty preventing operation of plant.

              "The Sunlight Laundry Co., Inc.

"Witness:          "Per, W. F. Simrall, Jr.,

"Mary C. McFee.        "Mrs. Otto Myers."

After plaintiff had sold some coupons in Covington and Newport she announced that she was about to start work in Cincinnati. Defendant re-

fused to permit her to do so. Two days later she brought this suit.

Plaintiff contends that under the agreement she had the right to sell coupons in Cincinnati. Defendant disputed this construction of the contract, and offered parol evidence in respect to it. The contract itself might be susceptible of more than one interpretation. The place where the coupons were to be sold is not stated with unmistakable clearness. It is not so complete and clear on its face as to preclude the introduction of parol evidence. Testimony of conversations between the parties prior to and at the time of the signing of the written agreement was admissible. *Baker Motor Vehicle Co.* v. *Price,* 23 C. C., N. S., 403; *Third Natl. Bank* v. *Laidlaw,* 86 Ohio St., 91, and *Merchants' Natl. Bank* v. *Cole,* 83 Ohio St., 50.

But defendant did not stop there. Over the objection of plaintiff, officers of the defendant were allowed to state that the understanding and agreement was that Mrs. Myers had no right to operate in Cincinnati; that the understanding of the parties was that she was to cover only Covington and Newport; that the laundry was established to cover Covington; and that they were not equipped to operate in Cincinnati. It was not shown that these facts or intentions were known to the plaintiff at the time the written agreement was signed. The duty of court is to ascertain, not what the parties may have secretly intended as contradistinguished from what their words express, but what is the meaning of the words which they have used. 1 Greenleaf on Evidence (17 ed.), Section 277;

*Van Arsdale* v. *Brown,* 18 C. C., 52, and 17 Cyc., 675.

It was improper therefore to admit evidence of what the purpose and intention of the officers of the company may have been at the formation of the business.   The obligation of the company is contained in the written agreement.   Conversations at the time of the execution of the document might be used to explain mutual intentions as to ambiguous terms, but unexpressed intentions could not bind the other party, and the admission of evidence of such intentions constituted error.   So also did the admission of evidence as to the equipment of the plant for the sole purpose of proving that the officers of the defendant must have had such intentions.

The court is reluctant to order a new trial, as the evidence fails to disclose any substantial proof of damages.   If plaintiff establishes her construction of the contract she proves a state of facts that resembles the case of the salesman whose compensation is on a commission basis, and who is wrongfully discharged.   Her evidence shows that she was not idle after the termination of her contract. If she secured other employment, equally lucrative, she has sustained no substantial loss.   *Village of St. Bernard* v. *Reig & Marty,* 13 C. C., 540.

There is a further consideration that affects the measure of damages.   The rule is well established that while the loss of profits from the interruption of an established business may be recovered, where the plaintiff makes it reasonably certain by competent proof what the amount of his loss actually is, the anticipated profits of a commercial business

are ordinarily too remote, speculative, and dependent upon changing circumstances to warrant a judgment for their loss. *Central Coal & Coke Co.* v. *Hartman,* 111 Fed. Rep., 96.

The defendant's laundry was a new enterprise and the plaintiff had no established trade in this territory. The application of the rule is illustrated in *Wakeman* v. *Wheeler & Wilson Mfg. Co.,* 101 N. Y., 205; *Roth* v. *Spero,* 48 Misc., 506, 96 N. Y. Supp., 211, and *Stern* v. *Rosenheim,* 67 Md., 503.

The general question is fully treated in 1 Labatt on Master and Servant (2 ed.), Section 369, and in the note in 53 L. R. A., at 77, 78, 79. See 1 Mechem on Agency (2 ed.), Section 1552.

However, if the defendant broke its contract, even if there was an absolute failure of proof of substantial loss, the plaintiff was at least entitled to nominal damages. *First Natl. Bank* v. *W. U. Telegraph Co.,* 30 Ohio St., 555, and 3 Page on Contracts, Section 1571.

As such judgment in an action on contract would carry costs, failure to grant such would be reversible error. 4 Corpus Juris, 3211, and 3 Cyc., 447.

*Judgment reversed.*

JONES, P. J., and HAMILTON, J., concur.