CHAS. M. KING, Respondent, v. OKLAHOMA GYPSUM COMPANY (A Corporation), Appellant.

St. Louis Court of Appeals. Opinion Filed December 2, 1919.

1. **TRIAL PRACTICE:** Evidence: Measure of Damages: Admission of Evidence of Other Employment Prejudicial Considering Judgment. In an action for breach of contract of employment, where the first count in the petition seeks to recover $450 as damages on account of lost earnings, and the second count to recover $50 as commission for sales made between the date of employment and discharge, and the trial court erroneously permitted plaintiff to introduce, as a measure of his damages, evidence as to what salary he had earned while in the employment of another company, and found for the entire amount sued for, *held*, the testimony erroneously admitted being excluded, there was not sufficient testimony upon which to base the judgment.

2. **MASTER AND SERVANT:** Discharge of Servant: Damages: Evidence: Evidence of Earnings in Other Employment Not Identical Inadmissible. In an action for breach of contract of employment to recover damages on account of lost earnings, which plaintiff might have earned if permitted to continue his employment and for commissions, *held* the action of the trial court in permitting plaintiff to testify as to prior earnings while employed by another company was error, where the terms of employment were not shown to have been identical or the commissions the same.

Appeal from the Circuit Court of the City of St. Louis.
—*Hon. Thomas C. Hennings*, Judge.

REVERSED AND REMANDED.

*George V. Reynolds* for appellant.

It is not admissible where plaintiff, before his employment by defendant, had been employed by others to sell goods of a similar character with those he was employed to sell for defendant to give evidence as to the amount of his damages, earnings while in the employ of such other firms and as to the amount of his sales for them for the purpose of showing prospective profits which he might have made under his contract with the defendant, but for the wrongful termination thereof. 26 Cyc. 1009, Note 81; Roth v. Spiro, 48 Misc. (N. Y.) 506, 507-508.

*Samuel Levitt* and *Karl E. Lubke* for respondent.

(1) The evidence objected to by the appellant in its brief was competent as tending to show the damage sustained by the respondent. Sluder v. Transfer Co., 189 Mo. 107, 143. (2) Where a jury is waived and the cause is tried by the court, its finding has the conclusiveness of a verdict and will only be disturbed when it is clearly erroneous or shows that the court was influenced by improper motives or misunderstood the evidence. Craig v. Maupin, 6 Mo. 250; Roger v. Hopper, 94 Mo. App. 437; Baumhoff v. Railroad Co., 171 Mo. 120; Morrison v. Bomer, 195 Mo. 535. (3) The Court of Appeals will not reverse a judgment on appeal because of harmless error. R. S. 1909, sec. 2082. (4) The admission of improper evidence on a trial to the court without a jury is harmless, where there is sufficient proper evidence on which to base the decision. Young v. Hudson, 99 Mo. 102; Laumeier v. Gehner, 110 Mo. 122; Crook v. Tull, 111 Mo. 283, 126; State ex rel. Griggs v. Edwards, 78 Mo. 473; Alexander v. Wade, 106 Mo. 141.

NIPPER, C.—This action was instituted before a justice of the peace in the City of St. Louis. On trial

before the justice, judgment was rendered in favor of the appellant. Respondent appealed to the circuit court; and after trial before the court without a jury, judgment was rendered in favor of respondent, for $500. In the circuit court the respondent filed an amended petition, which was in two counts. Respondent alleged that he was employed by appellant, for a period of one year, beginning August 1, 1913, and ending August 1, 1914, to introduce and sell plaster in the City of St. Louis, Missouri and the vicinity thereof; that respondent was to be the exclusive agent of appellant in this territory, and was to receive a commission of $1 a ton for every ton of plaster sold and shipped into this territory during the year; that respondent performed all the conditions of the contract, but that on the 10th day of October, 1913, the appellant, without cause, discharged respondent and contracted with others for the sale of its product in this territory.

The first count in the petition seeks to recover $450 as damages, on account of lost earnings respondent would have made from the date of his discharge until the 17th of March, 1914.

The second count in the petition is for $50 which respondent claims is due him as commission for goods sold, between the date of his employment and the date of his discharge.

The evidence offered on the part of respondent tended to show that the $50 was due him as a commission for goods sold, as alleged in the second count of his petition; also that he had been instrumental in selling 2,000 tons of appellant's products to one, Rowan, prior to the date of his discharge, and that prior to the time of his employment by appellant, he was employed by the Roman Nose Gypsum Company, a company which handles similar products to those of appellant, and over the objections and exceptions of appellant, he was permitted to testify as to his earnings while employed by the Roman Nose Gypsum Company. Appellant denied employing respondent for a year, but claimed that it only

employed him for the purpose of making a few sales which had been completed, and for which respondent had been paid. Upon the trial, the court rendered judgment, as stated above, for the sum of $500, the whole amount asked for in respondent's petition. From this judgment appellant brings this case to this court upon appeal.

Appellant urges only one assignment of error before this court, and that is that the trial court erred in permitting plaintiff-respondent to introduce, as a measure of his damages, evidence as to what salary he had earned while in the employment of the Roman Nose Gypsum Company. Respondent contends that there was sufficient evidence upon which to base this verdict, without the evidence complained of, and that therefore its admission was harmless, but we do not think so. Respondent cites the case of Sluder v. St. Louis Transit Company, 189 Mo. 107, 88 S. W. 648, in support of the contention that this evidence was competent. This case, however, is not in point, and does not support the theory of the respondent. In that case, a doctor who was suing the Transit Company for injuries sustained by him, was permitted to testify as to what his earnings were for the corresponding months of the previous year. No objection was made when the question was asked, and no motion was made to strike out the answer, but even as appearing in the record, it only tended to show his lost earnings for certain months by showing his actual earnings as a physician, under the same conditions, for the corresponding months of the previous year. In the case of Roth v. Spero, 96 N. Y. Supplement, 211, a case almost identical with this one, it was held that the admission of such testimony was reversible error. It will be noted that the first count in petition seeks to recover on account of a breach of said contract for lost earnings which he might have earned if permitted to continue his employment with the appellant, and for such breach of contract he sought to recover the sum of $450.

In the second count he sought to recover $50 as commission due him for sales made between the date of his employment and his discharge. - The court having found for the entire amount sued for, it cannot be said that there was sufficient testimony upon which to base this judgment, if the testimony complained of is eliminated. The court may have found from the evidence that respondent was entitled to commission on the two thousand tons of appellant's products sold Rowan, but respondent only seeks $50 as commission for goods sold. Therefore the court must have taken into consideration the testimony as to what respondent earned while employed by the other company, and especially in view of the fact that when respondent was recalled, the court examined him upon this phase of the case again. That the action of the trial court, in permitting respondent to testify as to his earnings while employed by another company prior to his employment by appellant was error, is clear. The terms of employment were not shown to have been identical or the commissions the same. It is also clear that the court, sitting as a jury, considered this testimony in rendering the judgment below, and as said in Roth v. Spero, supra, loc. cit. 213, where the court was speaking upon an almost identical proposition, "it scarcely needs anything further than the statement of the admission of this evidence to demonstrate its irrelevancy and impropriety."

Therefore, the Commissioner recommends that the judgment nisi be reversed and the case remanded.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed and the cause remanded. *Allen* and *Becker, JJ.,* concur. *Reynolds, P. J.,* not sitting.