# Atkins v. Keener.

## Action on the Common Counts.

1. *Contract of employment; construction of.*—The defendant employed the plaintiff as traveling salesman for one year, they agreeing to pay his traveling expenses, and he agreeing to give his entire time to the business, for which they agreed "to pay him $600, payable monthly, $50 per month, and six per cent. commissions on all sales above $10.000, provided said salary and traveling expenses do not exceed ten per cent. of his net sales, after deducting all goods returned and failures of his sales." *Held*, that the salary of $600 was not dependent on the amount of sales.

APPEAL from the Circuit Court of Etowah.

Tried before R. A. D. DUNLAP, Esq., Special Judge.

On November 7, 1894, the appellee, John T. Keener, brought this action against the appellants, John W. & E. C. Atkins, to recover the sum of $230, and interest from October 1, 1893. The complaint contained the common counts  The defendant pleaded, in short, by consent, *non assumpsit*, payment, and set-off; and issue was joined on these pleas. On the trial, it was shown that on October 17, 1892, the plaintiff and the defendant entered into a written contract as follows :

"We have this day employed John T. Keener for one year from Dec. 1st, 1892, to Dec. 1st, 1893, he agreeing to give his entire time to the interest of our business, for which we agree to pay him $600, payable monthly, $50 per month, and 6 six per cent. commission on all his sales above $10,000, provided said salary and traveling expense does not exceed ten per cent. of his net sales after deducting all goods returned and all failures of his sales.      [Signed]      J. W. & E. C. Atkins,
                              John T. Keener."

The evidence tended to show that plaintiff rendered services under said contract, complying fully with its terms, from December 1st, 1892, to October 1st, 1893, when a misunderstanding arose as to the meaning of the contract, when, without any objection on the part of the defendants, and with their consent, he quit work under

the contract. The evidence showed that during the time he was at work he had sold for defendants goods amounting to $8,756 51; that he had received from defendants $992.13. Of this sum $718.57 had been used as traveling expense. The evidence further showed that defendants were to pay and bear the traveling expense of plaintiff while he was in their service. This was all the evidence in the case.

It was agreed by counsel for plaintiff and counsel for defendants that if the above written contract meant that plaintiff was to receive for his services $600, payable monthly, $50 per month, without regard to the amount of his sales, and was to receive the 6 per cent. commissions referred to in the contract on all sales above $10,-000 only in the event that the said $600.00 and traveling expenses did not exceed ten per cent. of his net sales, after deducting all goods returned and all failures of his sales, then plaintiff was entitled to recover $226.44, with interest thereon from October 1, 1893. But that if said contract meant that in no event should the salary and traveling expenses exceed ten per cent. of the net sales, after deducting all goods returned and all failures of his sales, then defendants were entitled to recover of plaintiff, on their plea of set-off, the sum of $107.70.

On this evidence, the court, at the request of the plaintiff, gave to the jury the following written charge: (1) "If the jury believe all the evidence, they should find a verdict for the plaintiff for the sum of $226.44, with interest from October 1, 1893." The defendants duly excepted to the giving of this charge, and also duly excepted to the refusal of the court to give the following written charge, requested by them: "If the jury believe all the evidence, they should find a verdict for the defendants." There was judgment for plaintiff, and the defendants appeal.

GOODHUE & SIBERT, for appellants.

DORTCH & MARTIN, contra.

BRICKELL, C. J.—The construction of the contract is the point of contention between the parties. It is a contract for the rendition of personal services for a term of one year. By it, in words, the appellants declare

that they have employed the appellee—that is, have engaged his services for the term of one year; and by it the appellee promises to give his entire time to the interest of the business of the appellants. The relation the contract constitutes is that of employer and employe. It may be collected from the contract, and such the parties now assume to be true, that the appellee was to serve in the capacity of a traveling salesman, the expenses of traveling to be borne by the appellants. The parties each agree to this analysis of the contract. They differ only as to the measure of the compensation of the appellee. The words of the contract in reference to compensation which immediately follow the agreement of the appellee to give his entire time to the interest of the business of the appellants, are, "for which we agree to pay him $600, payable monthly, $50 per month, and six per cent. commissions on all his sales over $10,000, provided said salary and travelling expenses does not exceed ten per cent. of his net sales, after deducting all goods returned and all failures of his sales."

The insistence of the appellants is, that the entire compensation of the appellee was contingent or conditional, dependent on the amount of sales he effected. If the sales did not exceed ten thousand dollars, then the compensation and traveling expenses could not exceed ten per cent. of the amount of sales. While the appellee insists that if he kept and performed his part of the contract, rendering the services the contract contemplated, he is entitled to the compensation of six hundred dollars, payable in monthly instalments of fifty dollars, though the amount of sales effected did not equal or exceed ten thousand dollars.

The promise of the payment of the sum of six hundred dollars, in monthly instalments, is not dependent upon any other condition or contingency expressed. By intendment or implication of law, it is dependent upon the diligent, continuous rendition for the term by the appellee of the stipulated service. This is the intendment or implication of law, which the parties have not modified or displaced by the expression of any other condition. It was not a speculative contract into which the parties proposed entering. Therefore, in relation to the salary of six hundred dollars, it was made payable in equal monthly instalments, and would be paid chiefly

before the expiration of the term of service, and before the aggregate of the net sales effected by the plaintiff could be ascertained in the mode the contract fixes for the ascertainment, and before the aggregate of the traveling expenses would be known. If, when the aggregate of the net sales was ascertained, and the aggregate of the expenses was known, then, if the sales exceeded ten thousand dollars, the appellee would have been entitled to six per cent. commission on the excess, in the event, and only in the event, that the salary and traveling expenses did not exceed ten per centum of the aggregate of the sales. The promise of payment of the commission is not in modification or in defeasance of the promise of payment of the salary. It is a promise independent of, or rather in addition to, the promise of payment of the salary, intended to stimulate the exertion of the appellee to make sales.

This is the construction of the contract adopted by the court below, and we are of opinion it is the only construction of which the contract admits, when the relations of the parties are considered.

Let the judgment be affirmed.