AMERICAN BICYCLE COMPANY, Respondent, vs. HOYT, Executrix, Appellant.

*May 12—May 29, 1903.*

*Landlord and tenant: Lease: Construction: Liability of lessee for rent.*

A lease provided that in case *any* buildings on the demised premises shall, without fault of the lessee, be destroyed "the lessee shall not be liable or bound to pay the rent to the lessor *until the same are rebuilt or repaired,* or he may thereupon quit and surrender possession of the premises." One of the buildings, without any fault or negligence of the lessee, burned, and to that extent the demised premises became untenantable and unfit for occupancy. The lessee did not quit or surrender possession. *Held,* that the lessee was not bound to pay any rent until the lessor rebuilt the destroyed building.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

This action was commenced December 29, 1900, to recover $250 rent alleged to be due the plaintiff upon a lease executed by the plaintiff and the defendant's intestate, Thomas H. Hoyt, December 29, 1899, wherein and whereby the plaintiff leased to Thomas H. Hoyt the premises therein described for the term of two years from January 1, 1900, at the annual rent of $750 per year, to be paid in equal portions on the 1st day of each and every month, commencing on the day and

year last named; and which lease contained a provision that the lessee should keep the premises "in as good repair as the same are in at the commencement of said term, reasonable use and wearing thereof, and damage by accidental fire, or other accidents not happening through the neglect of the lessee, his agents or servants, *only excepted;* but in case any building or buildings on said premises shall, without any default or neglect of the lessee, be destroyed, or be so injured by fire, or any other cause, as to be untenantable and unfit for occupancy, the lessee shall not be liable or bound to pay rent to the lessor until the same are rebuilt or repaired, or he may thereupon quit and surrender possession of the premises." The answer admits the incorporation of the plaintiff, the making and terms of the lease, and that the lessee had paid no rent since August 1, 1900, but otherwise denies the allegations of the complaint, and as a defense sets forth the clause of the lease in respect to fire above quoted, and alleges, in effect, that one of the main buildings and one of the largest of the buildings upon the premises was, August 14, 1900, without any fault or neglect of the lessee, destroyed by fire, and by reason of such destruction the premises became, and ever since have been, untenantable and unfit for occupancy; that soon after such destruction the lessee duly demanded of the plaintiff that it repair the same, and place the same in a tenantable condition and fit for him to occupy, but that the plaintiff had refused to do so, and still refuses to do so; that the lessee has not elected to quit or surrender possession of said premises, but is still in possession thereof; that by reason of the express reservations contained in the lease the lessee became discharged from the payment of any rent September 1, 1900, and has ever since that time remained discharged and is now discharged from the payment of rent until the plaintiff rebuilds the buildings so destroyed. At the close of the trial the court found, in effect, the making and terms of the lease, the occupancy of the premises by the lessee,

and the failure to pay rent as mentioned; that one of the buildings upon the premises was destroyed by fire August 14, 1900; that the lessee retained possession of the premises, and the whole thereof, after the fire, and continued to occupy the same, and was in possession of the same at the date of the trial. And as conclusions of law the court found that the lessee did not surrender the premises in question to the plaintiff at any time; that there was then due and owing to the plaintiff from the defendant on account of the lease $250, with interest on the several installments of rent from the times they respectively became due; and ordered judgment to be entered accordingly. From the judgment so entered the defendant, *Marion L. Hoyt,* as executrix of the deceased lessee, brings this appeal.

For the appellant there was a brief by *A. D. Agnew* and *Geo. L. Williams,* and oral argument by *Mr. Williams.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* and oral argument by *J. V. Quarles.*

CASSODAY, C. J. The decision in this case necessarily turns upon the construction to be given to the clause of the lease quoted in the foregoing statement. The court found that one of the buildings upon the leased premises was destroyed by fire. It is, in effect, conceded that such destruction by fire was "without any default or neglect of the lessee," and that to that extent the premises became "untenantable and unfit for occupancy." The clause of the lease in question was applicable "in case *any* building" on the leased premises should be so destroyed. As applied to the facts in the case, it provides, in effect, that, "in case any building or buildings on said premises" shall be so destroyed, "the lessee shall not be liable or bound to pay rent to the lessor *until the same are rebuilt or repaired,* or he may thereupon quit and surrender possession of the premises." It is found by the court and conceded that the lessee did not, after the fire, quit or

surrender possession of the premises. It is claimed on the part of the plaintiff, and the court, in effect, held, that the lessee could only relieve himself from the payment of rent by quitting and surrendering possession of the premises immediately after the fire. In support of such ruling counsel for the plaintiff cite certain cases arising under statutes in New York, Ohio, and Minnesota. The New York statute relieved the tenant from the payment of rent after the destruction of the building by the elements, unless otherwise agreed, and gave him the remedy of quitting and surrendering the possession of the premises, but did not, as the lease here provides, expressly stipulate for a suspension of the payment of any rent until the destroyed building should be rebuilt or repaired by the lessor. "It is well settled that in construing a contract all of its terms must be considered." *Mayer v. Goldberg,* 116 Wis. 96, 92 N. W. 556, 558. There is nothing ambiguous in that clause of the lease, and there is no reason why force and effect should not be given to it. Id. The clause of the lease differs so broadly from the provisions of the New York statute as to make the adjudications in that state under that statute inapplicable. They held, in effect, that it was optional with the tenant to surrender possession and terminate the lease in case of such destruction, but that, if he failed to do so, he was liable for rent. *Johnson v. Oppenheim,* 55 N. Y. 280; *Smith v. Kerr,* 108 N. Y. 31, 15 N. E. 70; *Fleischman v. Toplitz,* 134 N. Y. 349, 31 N. E. 1089. Under a statute of Ohio substantially the same as the statute of New York a similar ruling was made. *Gay v. Davey,* 47 Ohio St. 396, 25 N. E. 425. The same is true in respect to the statute of Minnesota and the adjudications under it. *Roach v. Peterson,* 47 Minn. 291, 50 N. W. 80. The difference between the clause of the lease in question and the statutes referred to is well illustrated in the case of *Kip v. Merwin,* 52 N. Y. 542, 544, where the lease contained "a condition that, in case the demised premises are so damaged by

fire as to be untenantable, the rent shall cease until the same shall be put in good repair," and it was held that "the terms of the lease did not require that the tenants should abandon their possession to entitle them to a suspension of the rent." As indicated, we have no right to ignore the express stipulation of the parties in the case at bar. The intention, as gathered from the language they have employed, must be carried into effect. *Mayer v. Goldberg, supra.* The lease expressly provides that upon such destruction of the building or buildings the lessee should "not be liable or bound to pay rent to the lessor *until the same are rebuilt or repaired,* or he may thereupon quit and surrender possession of the premises." This not only gave the lessee the right to quit and surrender possession of the premises, but also relieved him from paying rent to the lessor until the building so destroyed should be rebuilt or repaired. True, there is no agreement on the part of the lessor to rebuild or repair, but there is an agreement that the lessee shall not be bound to pay him rent until he does so. If the lessor fails to rebuild or repair, the loss falls on itself. We have no right to construe away the provisions of the agreement which the parties made for themselves.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with direction to dismiss the complaint.