128 

HAMPTON PLAINS REALTY COMPANY, Respondent, vs. COHEN and another, Defendants: MELVIN COMPANY, Appellant.

*January 8—February 6, 1934.*

*H. H. Heilbron* of Milwaukee, for the appellant.
*Lloyd S. Jacobson* of Milwaukee, for the respondent.

NELSON, J. It appears from the allegations of the complaint that the plaintiff, as seller, entered into a land contract with defendants Cohen on the 17th day of October, 1927, wherein and whereby the plaintiff agreed to sell and convey to defendants Cohen, upon the conditions therein stated, certain real estate located in the village of Whitefish Bay. The contract contains the following agreement:

"Second (b): The seller agrees to assign this contract to a corporation now being formed by the purchaser when same is legally organized."

The Melvin Company contends that the language of paragraph Second (b) is ambiguous and that therefore parol evidence is admissible to explain the meaning intended by the parties thereto and that it should be permitted to prove a contemporaneous oral agreement entered into by the plaintiff and defendants Cohen, who promoted the Melvin Company, the substance of which alleged agreement is that upon completion of the organization of the Melvin Company the plaintiff would make, execute, and deliver to it a land contract in such customary and usual form as would permit the same to be recorded in the office of the register of deeds and would thereupon cancel and annul the contract theretofore entered into.

It is elementary that oral testimony is not admissible to contradict or vary the terms of a written contract; that oral testimony is always admissible for the purpose of applying the contract to the subject with which it deals and, in case of ambiguity then appearing, to establish the facts and circumstances under which the agreement was made in order that the language thereof may be read in the light of the environment at the time the parties chose such language to express their intentions (*Klueter v. Joseph Schlitz B. Co.* 143 Wis. 347, 128 N. W. 43); and that when the language of a contract is plain it is not open to construction and parol evidence is not admissible for the purpose of giving to the language used a meaning differing from its ordinary sense and meaning. It is well established that in construing a particular provision of a written instrument the entire agreement must be looked to as a whole for the purpose of giving to each provision of the contract its intended meaning. *Jacobs v. Spalding,* 71 Wis. 177, 189, 36 N. W. 608; *Gibbons v. Grinsel,* 79 Wis. 365, 369, 48 N. W. 255; *T. B. Scott Lumber Co. v. Hafner-Lothman Mfg. Co.* 91 Wis. 667, 671, 65 N. W. 513; *Braun v. Wisconsin Rendering Co.* 92 Wis. 245, 247, 66 N. W. 196; *Wisconsin Marine & Fire Ins. Co. Bank v. Wilkin,* 95 Wis. 111, 117, 69 N. W. 354; *Mayer v. Goldberg,* 116 Wis. 96, 101, 92 N. W. 556.

It is also well established that the only purpose for which evidence is ever admissible in an action on a contract is to interpret the writing. So far as the evidence tends to show not the meaning of the writing but an intention wholly unexpressed in the writing it is irrelevant. 2 Williston, Contracts, p. 1217. It was held in *Klueter v. Joseph Schlitz B. Co., supra,* that where evidence is received to explain an ambiguity in a written contract the language in a contract cannot be twisted out of its ordinary meaning to the extent of going beyond the reasonable scope of the words. Com-

pare *Wheelwright v. Pure Milk Asso.* 208 Wis. 40, 240 N. W. 769, 242 N. W. 486, where it was said:

"The language must have some stretch in order to authorize the admission of parol evidence without violating the rule against contradicting a writing by parol. . . . The parol evidence must establish a sense or meaning which the language of the contract will reasonably bear." (Citing cases.)

Having in mind these well established rules of law, it is our conclusion that paragraph Second (b), when considered in connection with the whole contract, is not ambiguous. That paragraph, when read in the light of the other provisions of the written contract, permits of but one construction and that is that the seller agreed to permit the purchaser to assign the contract to a corporation then being formed by defendants Cohen when the same should be legally organized.

The obvious purpose of paragraph Second (b) was to bind the seller to consent to a transfer of the contract by the purchaser to the corporation then being organized. To permit the Melvin Company to introduce parol evidence to explain that the language "the seller agrees to assign this contract to a corporation now being formed by the purchaser when same is legally organized," was intended to mean that upon the completion of the organization of the corporation the seller would make, execute, and deliver to said corporation a new land contract in the customary and usual form so as to enable said corporation to record it in the office of the register of deeds, and that the seller would cancel and annul the contract entered into between the plaintiff and defendants Cohen, or to prove that such an oral agreement was contemporaneously entered into would in our opinion be a gross violation of the parol-evidence rule.

That paragraph Second (b) was intended merely to permit a sale and transfer of the contract to the Melvin Com-

pany, then being formed by the Cohens, is shown by the further fact alleged in the complaint, that the contract dated October 17, 1927, has indorsed upon it the following:

"Milwaukee, Dec. 3, 1927.

"For value received, I hereby transfer and assign to the Melvin Co. of Milwaukee, Wis., all my right, title and interest in and to the foregoing contract.

(Signed) "Joseph Cohen.
"Louis Cohen.

"I hereby accept the above assignment of the foregoing contract, and accept all the conditions of said contract, and I also direct the notice of option be given by letter addressed to me at ——.

(Signed) "Melvin Co., Inc.
"By Joseph Cohen, Pres.

"Accepted this 3d day of December, 1927.
"HAMPTON PLAINS REALTY CO.,
(Signed) "By H. T. KLINKERFUSS, Pres."

In our opinion the meaning of the contract is so clear as to permit of no reasonable controversy. Parol evidence is therefore not admissible to explain its language nor to prove the alleged contemporaneous oral agreement.

Since it clearly appears that parol evidence is necessary to support the counterclaim and cross-complaint of the Melvin Company, the court was right in sustaining the plaintiff's demurrer to said counterclaim and cross-complaint.

*By the Court.*—Order affirmed.