KETAY, Appellant, vs. GORENSTEIN, Respondent.

*March 5—April 8, 1952.*

For the appellant there was a brief by *Torphy & Torphy* of Milwaukee, and oral argument by *Martin J. Torphy.*

*A. W. Richter* of Milwaukee, for the respondent.

MARTIN, J. In the interpretation of this contract, we must consider it as a whole in order to give each of its pro-

visions the meaning intended by the parties. *State ex rel. Dept. of Agr. & M. v. Badger Dairy, Inc.* (1944), 245 Wis. 229, 14 N. W. (2d) 34; *Hampton Plains Realty Co. v. Melvin Co.* (1934), 214 Wis. 128, 252 N. W. 572.

Appellant states that the intention of the parties is clear from the contract itself, but in order to arrive at the construction contended for in his argument it would be necessary to reject certain portions of the contract. This we cannot do unless it presents an irreconcilable inconsistency, and we do not find such an inconsistency here.

The "total purchase price" of $2,863 was to be paid by appellant as follows: $300 to the respondent as his commission; payment of the delinquent taxes; payment to respondent of "any additional amount which may be due." For the payment of this consideration, the premises were to be conveyed to appellant "by warranty deed in fee simple, showing no outstanding incumbrances *except the taxes hereinabove mentioned.*"

In effect, appellant's contention is that for payment of the total consideration of $2,863 he was to receive from the respondent a warranty deed showing no incumbrances whatever. This construction would do violence to the clause stating that a deed would be delivered showing no incumbrances *except delinquent taxes.*

It is not necessary to ignore any provision of the contract in order to arrive at the intent of the parties. Here is a situation where, obviously, the exact amount of delinquent taxes was not known to either party at the time the agreement was signed. Expert testimony adduced at the trial showed that the market value of the lots in question in December, 1945, was $4,140, so we may assume that both parties knew they were worth considerably more than $2,863. Under these circumstances, and attributing ordinary business sense to both parties, it would seem that appellant would have been willing to assume payment of the outstanding taxes, as he did in paragraph (b) of the contract, even though they

should amount to more than $2,563; but respondent would hardly have been willing to sell the property at such a low figure that he would lose money in the transaction. Respondent protected himself against the latter contingency by agreeing to deliver a warranty deed showing no incumbrances except the taxes assumed by the appellant under paragraph (b) of the contract.

We agree with the trial court that the only fair interpretation of this contract is that under paragraph (b) appellant agreed to assume and pay all delinquent taxes even though they should exceed $2,563; that under paragraph (c), if the taxes should have been less than that figure, he agreed to pay the difference to the seller. Respondent agreed only to sell the property for $300 commission and to give a warranty deed showing no incumbrances except the outstanding taxes.

*By the Court.*—Judgment affirmed.