EBENREITER, Appellant, vs. FREEMAN, Respondent.

*November 7—December 7, 1956.*

For the appellant there was a brief by *Lehner, Lehner & Behling, Adolph P. Lehner,* and *Howard N. Lehner,* all of Oconto Falls, and oral argument by *Howard N. Lehner.*

For the respondent there was a brief and oral argument by *Emmet McCarthy* of Marinette.

STEINLE, J.   The crucial question presented is whether the trial court's finding that the plaintiff was the seller, is against the clear preponderance of the evidence.   It is not disputed that the sale of the cattle was in violation of secs. 95.49 and 95.495, Stats. 1949.   There is no challenge by the plaintiff of the defendant's position that since the sale was prohibited by statute, it was invalid and unenforceable.   The controversy involves principally a construction of that clause in the conditional sales contract which provides: "The consideration hereof is the conditional sale to the maker hereof, of personal property the title to which has been transferred to by the seller to the holder hereof, financing said sale, said property being described as . . . ."

Plaintiff maintains that the evidence indisputably indicates that Harry Seils was the seller, and that the sale by him to the defendant was completed with the fall of the hammer at the auction sale, and that thereafter the defendant transferred title to the plaintiff, who in turn sold back to the defendant under a security arrangement for the loan.   Plaintiff also contends that while the sale by Seils to the defendant was void for failure to present the required certifications that the cattle were free from brucellosis, nevertheless the contract which the defendant entered into with the plaintiff to furnish money in the form of a loan, was valid.

The record does not disclose particulars of a sale by Seils to the plaintiff.   Likewise, the details of a claimed sale by the defendant to the plaintiff are not revealed of record.   It is not inconceivable and it may reasonably be inferred from language in the conditional sales contract that Seils sold the cattle to the plaintiff before the auction sale, and that the plaintiff was the real seller in interest at such sale.   The defendant submits that by the plain terms of the conditional sales contract, the plaintiff became Seils' legal successor in interest under sec. 122.01 (9), Stats. (Uniform Conditional Sales Act).

In support of her position the plaintiff relies on the sale of the cattle by the auctioneer to the defendant, and upon a construction of the clause in the conditional sales contract that: "The consideration hereof is the conditional sale to the *maker* hereof [Freeman] of personal property the title to which has been transferred to by the *seller* [Freeman] to the *holder* hereof [Ruth Ebenreiter] financing said sale, etc."

The defendant maintains that the trial court correctly determined that the *seller* referred to in the clause was Seils. As evidence of the plaintiff's interest as seller and not as banker, the defendant points to his own testimony at the trial which was not controverted, that:

"At the time I bought the cow described in Exhibit C, Electron Brinka [a heifer], I requested a Bang's card from Mr. Ebenreiter and he said there wasn't any. He said the heifer didn't need it, he said it wasn't extant, there wasn't any test card for the animal. I asked him how I would know that the cattle were clean. He said he guaranteed them to be clean."

"At the time I purchased Electron Elegant Carnation [a heifer], described in Exhibit E, I did not get a report of complete negative Bang's test, or other kind of card with that cow or calf. I requested one of Mr. Ebenreiter. His response was the same as I gave it before. He said: 'No card. There isn't any card for that animal.' I asked him twice about why. That calves of that type didn't have a card. I said: 'How do I know it is clean?' He said, 'I guarantee it to be clean.' "

It is well established that a contract must be construed most strongly against a party preparing it. *Deree v. Reliable Tool & Machine, Inc.* (1947), 250 Wis. 224, 26 N. W. (2d) 673; *Skelly Oil Co. v. Peterson* (1950), 257 Wis. 300, 43 N. W. (2d) 449. The conditional sales contract with note was prepared by or on behalf of the plaintiff.

We are obliged to determine that there is ample evidence of record to sustain the challenged finding of the trial court, and that said finding is not against the great weight and

preponderance of the credible evidence. In view of the invalidity of the conditional sales contract, the waiver provisions contained therein are of no effect. The matter is controlled by principle as declared in *Menominee River B. Co. v. Augustus Spies L. & C. Co.* (1911), 147 Wis. 559, 571, 132 N. W. 1118, that:

"A contract made in violation of a statute or for performance of an act which is prohibited by statute is void and will not be enforced by the court. This is true whether there is a prohibition and a penalty or merely a prohibition. [Cases cited.] . . . If any part of the consideration for a promise be illegal, or if there are several considerations for an unseverable promise one of which is illegal, the promise, whether written or oral, is wholly void, as it is impossible to say what part or which one of the considerations induced the promise. [Cases cited.] The contract is void if it is only in part connected with the illegal transaction and the promise single or entire. [Cases cited.] . . . The appellant, being one of the persons to be protected by the limitation of charges made in this statute, may raise the objection. [Case cited.] Objection to the illegality of this contract could not be waived by making or ratifying the contract, otherwise the statute would be ineffectual; besides, the respondent itself traces its right of action here through this illegal contract."

In the instant matter the note was part of the transaction and was not severable therefrom. It, too, is void and recovery thereon cannot be had by the plaintiff.

The findings of the trial court must be sustained.

*By the Court.*—Judgment affirmed.