McCULLOUGH, Plaintiff and Appellant, v. BRANDT, Defendant and Respondent: FIRST NATIONAL CASUALTY COMPANY, Defendant.

*January 31—February 28, 1967.*

103

104

For the appellant there was a brief and oral argument by *William F. Krueger* of Wausau.

For the respondent there was a brief and oral argument by *A. D. Sutherland* of Fond du Lac.

HANLEY, J.   The question involved on this appeal is whether the plaintiff insurance salesman is entitled to

commissions on all renewal premiums under the terms of the insurance contract.

The plaintiff contends that he is entitled to commissions on all premiums paid hereafter regardless of when paid. The defendant contends that plaintiff is entitled to commissions only on such premiums within such one-year period.

Paragraph 4 of the contract is the only section requiring interpretation to resolve the case. It reads as follows:

"4. The party of the second part shall have a vested interest in the commissions to which he is entitled. He shall have the right to assign this contract provided the assignee is acceptable to the first party and he so states in writing. In case of the death of the second party, this contract right to premiums shall be a part of his estate and may be assigned subject to the approval of the first party. If this contract is not renewed, the second party shall continue to receive the foregoing commissions on premiums paid, for a period of one year from the date of termination or death."

The plaintiff argues that par. 4 means that plaintiff was given a probationary period of two years and that once the probationary period ended and the contract was continued, he is entitled to future commissions on policies sold by him no matter when paid.

We believe such an interpretation would require reading into the contract far more than the provisions will allow.

There does not appear to be any logical reason for distinguishing between renewal premiums on policies sold during the so-called probationary period in the event of termination before the two-year period expired and policies sold subsequent to the original contract period where the contract was continued.

By accepting the plaintiff's construction of the contract the court would be severing from the contract the clause limiting commissions to one year after termination of the contract.

In the interpretation of a contract the contract must be considered as a whole in order to give each of its provisions the meaning intended by the parties. *Ketay v. Gorenstein* (1952), 261 Wis. 332, 53 N. W. (2d) 6.

The argument of plaintiff would make the limitation period surplusage and valueless. Other things being equal, a construction which gives effect to every word of a contract should be preferred to one which results in surplusage. *Knuth v. Fidelity & Casualty Co.* (1957), 275 Wis. 603, 604, 83 N. W. (2d) 126.

This court, in *Nelson v. Boos* (1959), 7 Wis. (2d) 393, 399, 96 N. W. (2d) 813, said:

"A construction which renders meaningless a provision expressed in the contract or results in surplusage should be avoided if possible. An interpretation which gives a reasonable meaning to all provisions is to be preferred to one which leaves part of the language useless or inexplicable."

The above language was also proved in *Goldmann Trust v. Goldmann* (1965), 26 Wis. (2d) 141, 131 N. W. (2d) 902.

Plaintiff argues that ambiguous wording of the contract must be construed most strongly against the person who prepared it. *Ebenreiter v. Freeman* (1956), 274 Wis. 290, 79 N. W. (2d) 649; and *Megal v. Kohlhardt* (1960), 11 Wis. (2d) 70, 103 N. W. (2d) 892. However, this rule must give way to the basic rule of construction which demands that a contract be construed as a whole in order to carry out the true intent of the parties. *Estate of Schmitz* (1962), 17 Wis. (2d) 412, 117 N. W. (2d) 249. This is what the trial court did in this case when it said:

"This Court is of the opinion that Parg. 4 on its face, and considered as a whole, expresses the intention of the parties to this agreement to the effect that if the contract was terminated by act of the parties, or by death of the

parties, the defendant Brandt would pay renewal commissions to the plaintiff for a period of one year."

The trial court construed the contract to mean that if it was not renewed, then it was not continued and the "termination" clause applied.

We conclude that by the terms of the contract in question, plaintiff McCullough is entitled to receive renewal commissions through May 31, 1966, which date is one year after the contract was terminated.

*By the Court.*—Judgment affirmed.