RICHMAN and others, Appellants, v. SECURITY SAVINGS & LOAN ASSOCIATION, Respondent.

*No. 21. Argued January 29, 1973.—Decided February 27, 1973.*
(Also reported in 204 N. W. 2d 511.)

360

For the appellants there was a brief by *Silverstein, Richman, Reneau, Tabak & Temple,* attorneys, and *Thomas M. Jacobson* of counsel, all of Milwaukee, and oral argument by *David L. Walther* of Milwaukee.

For the respondent there was a brief by *Schoendorf & Schoendorf,* and *Joseph F. Schoendorf, Jr.,* attorneys, and *Michael L. Sorgi* of counsel, all of Milwaukee, and oral argument by *Joseph F. Schoendorf, Jr.*

BEILFUSS, J. The theory of the complaint was an action for conversion for breach of a fiduciary duty. The relief demanded was an accounting for the profits made by defendant on the tax and insurance deposits.

Plaintiffs have filed a reply brief raising for the first time in this case the contention that the tax and insurance deposit provisions of the mortgage note violated sec. 138.04, Stats. Under this new theory, the plaintiffs assert the deposits are installment payments on the mortgage debts and the rates of interest paid by plaintiffs on the declining principal balances exceed the rates specified in the mortgage notes. Defendant has filed a motion to strike the reply brief.

The motion to strike is granted. The issues on summary judgment are those raised by the pleadings and other evidence offered in support of the motion. The primary question for the trial court to resolve is whether there is a triable issue of fact. *Younger v. Rosenow Paper & Supply Co.* (1971), 51 Wis. 2d 619, 188 N. W. 2d 507. Plaintiffs cannot attack the determination of the trial court that there is no triable issue of fact by attempting to amend their complaint on appeal.

There are no disputed facts in this case. As the trial judge held, the only issue is a matter of interpretation of the contract. The language to be construed is part of defendant's form mortgage note.

The terms of the mortgage note when read and construed as a whole do not create a trust or fiduciary relationship. The plaintiffs attempt to isolate the phrase "such payments may be held," and to construe it standing alone as creating a trust relationship. The clause construed as a whole does not support this construction nor does it create an ambiguity.[2] It provides that payments for taxes and insurance may be held by the defendant, commingled with other funds or its own, and that the defendant as the mortgagee is not obligated to pay interest to the mortgagors on the funds.

In support of their claim that they are beneficiaries and defendant a fiduciary with respect to the tax and insurance deposits, plaintiffs advance the premise that the money deposited belonged to them until paid to the taxing authorities and the insurer. Plaintiffs argue that the mortgage note does not expressly authorize defendant to invest the money. They conclude that by investing the funds, which were intended to provide security for their promise to keep the mortgaged property free of liens and fully insured, defendant put the money at risk thereby exposing them to possible loss.

Plaintiffs' argument is not sound because no loss can accrue to them. If defendant does not fulfill its obligation to pay an amount equal to the deposits toward real estate taxes and insurance premiums, and plaintiffs are required to pay additional sums, defendant is liable to plaintiffs for breach of the contract. Plaintiffs' damages will be at least equal to the amount which defendant failed to pay and will constitute an offset against the mortgage debt.

In order to sustain an action for an accounting in equity based on a fiduciary relationship, plaintiffs must show a relation of trust between themselves and the de-

[2] *McCullough v. Brandt* (1967), 34 Wis. 2d 102, 148 N. W. 2d 718.

fendant; a bare agency is not enough. 1 C. J. S., *Accounting*, p. 656, sec. 19. The contract before the trial court created no more than a bare agency relationship.

*By the Court.*—Judgment affirmed.